

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 14, 1970

Honorable L. Ludwell Jones          Opinion No. M-556
Chairman
State Board of Public Accountancy   Re:  Effect of Article 1528e,
Perry-Brooks Building                    Vernon's Civil Statutes,
Austin, Texas  78701                     the Texas Professional
                                         Corporations Act, upon the
                                         administration of the Public
                                         Accountancy Act of 1945,
Dear Mr. Jones:                          Art. 41-A, V.C.S.

        In your recent letter to this office, you requested an
opinion on the following questions, to wit:

        1.  Whether the Texas Professional Corpora-
    tion Act, Acts 1969, 61st Legislature, Regular
    Session, Chapter 779, page 2304, which became
    state law on January 1, 1970, has the effect of
    repealing
        Section 8(a), (c), (e), (f), (h),
        Section 10(c), (d),
        Section 21, and
        Section 22(a),
    of the Public Accountancy Act of 1945?  (Article
    41a, Vernon's Civil Statutes)

        2.  You also requested an opinion as to
    whether there are any other conflicts between
    the two Acts.

        3.  You further enclosed a copy of the Rules
    of Professional Conduct of the State Board of
    Public Accountancy and requested that this office
    review these rules with special attention directed
    to Rule 10, and advise you if any of these rules
    are in conflict with the new Professional Corpora-
    tion Act.

        You are advised that in answer to question No. 1, the
only parts of the Public Accountancy Act of 1945 which are in
effect repealed are all of Section 8(f), Section 10(c), in part,

and Section 21, in part, hereinafter set out.

"Section 8(f). No corporation shall
assume or use the title or designation 'cer-
tified public accountant,' or 'public accountant,'
nor shall any corporation assume or use the title
or designation 'certified accountant,' 'chartered
accountant,' 'enrolled accountant,' 'licensed
accountant,' 'registered accountant,' or any
other title or designation likely to be confused
with 'certified public accountant' or 'public
accountant,' or any of the abbreviations 'CPA,'
'PA,' 'EA,' 'RA,' or 'LA,' or similar abbrevia-
tions likely to be confused with 'CPA.' If a
corporation was registered under Section 10 of
the Public Accountancy Act of 1945, prior to
November 1, 1945, and holds a live permit under
Section 9 hereof, it may use the same designa-
tions applicable to certified public accountants
or public accountants hereinabove set out."

All of Section 8(f) is in effect repealed by necessary
implication by Section 8 of the Texas Professional Corporation
Act, which expressly allows a Professional Corporation to adopt
any name that is not contrary to the law or ethics regulating
the practice of the professional service rendered through the
professional corporation.

Section 10 of the Public Accountancy Act states:

"The following persons shall be registered
with the Board for the practice of public ac-
countancy in this state:

"(a) . . .

"(b) . . .

"(c) corporations qualified under Sec-
tion 21 of the Public Accountancy Act of 1945.
Provided, however, that no corporation may
hereafter be created for the purpose of en-
gaging in the practice of public accountancy
within this state after the effective date of
this Act. No corporate charters or corporate
permits shall be renewed one (1) year after
the effective date of this Act. (Emphasis
added.)

"(d) . . ."

The last two sentences which are underlined in subsection (c) of the above Section are in effect repealed by the Texas Professional Corporations Act, which allows the creation of a corporation for the purpose of engaging in the practice of public accountancy within this State upon a perpetual basis or for a period stated in the Articles of Incorporation.

"Section 21. A corporation authorized to engage in the practice of public accountancy in this State and actually engaged in such practice at the time of the enactment of this Act, may register with the Board as a corporation engaged in the practice of public accountancy. Application for such registration must be made upon the affidavit of an officer of such corporation. The Board shall in each case determine whether the applicant is eligible for registration. A corporation which is so registered and which holds a permit issued under this Act may practice public accountancy under a corporate name indicating that it is engaged in such practice, provided it had such corporate name before the enactment of this Act." (Emphasis added.)

The underlined portions of the above Section 21 are in effect repealed by Section 4 of the Texas Professional Corporation Act, which does not restrict the right to practice public accountancy to a corporation which actually engaged in such corporate activity or had such corporate name before the enactment of the Public Accountancy Act of 1945.

In answer to question No. 2, you are advised that no other conflicts are apparent.

In answer to question No. 3, you are advised that Rule No. 10 is in direct conflict with the Texas Professional Corporation Act. No other conflicts are found.

### S U M M A R Y

All of Section 8(f) of the Public Accountancy Act of 1945, Article 41a, V.C.S., the last two sentences of Section 10(c), . . . "Provided, however, that no corporation may hereafter be created for the purpose of engaging in the practice of public accountancy within this state after the effective date of this Act. No corporate charters

or corporate permits shall be renewed one (1) year after the effective date of this Act" . . ., and the two clauses of Section 21, which read, "and actually engaged in such practice at the time of the enactment of this Act. . ." and ". . . provided it had such corporate name before the enactment of this Act", were the only parts of said Acts which were in effect repealed on January 1, 1970, when the Texas Professional Corporation Act (Article 1528e, V.C.S.) became law. Rule No. 10 of the Rules of Professional Conduct of the State Board of Public Accountancy is in conflict with the Texas Professional Corporation Act.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Austin C. Bray, Jr.
Scott Garrison
Ralph Rash
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant